**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DONNA J. BARNES, | ) | Case No. 19-20400 |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| DONNA J. BARNES, | ) | Adv. Proc. No. |
| | ) | |
|    Plaintiff | ) | 19-02025 |
|    v. | ) | |
| | ) | |
| JAMES R. BARNES, | ) | |
| UBS BANK, USA, | ) | |
| SHEM CREEK HAYSTACK, LLC | ) | |
| RTM CAPITAL PARTNERS, INC., | ) | |
| LPV, 15-HERMITAGE, LLC, | ) | |
| MATTHEW CURTIS, | ) | |
| DANIAL SOLAZ, | ) | |
| REINHART FOODSERVICE, LLC, | ) | |
| MARK BRETT, | ) | |
| LH VT HOUSE, LLC, | ) | |
| | ) | |
|    Defendants | ) | November 14, 2019 |

**RTM CAPITAL PARTNERS, INC., LPV, 15-HERMITAGE, LLC, AND**
**MATHEW CURTIS ANSWER AND SPECIAL DEFENSES**

Defendants RTM Capital Partners, Inc., LPV, 15-Hermitage, LLC and Matthew Curtis, by their undersigned attorneys, Updike, Kelly & Spellacy, P.C., hereby submit this Answer and Special Defenses to plaintiff Donna J. Barnes's Amended Complaint dated October 31, 2019 [E.C.F. # 8] as follows.

### ANSWER

1.    The statements contained in Paragraph 1 of the Amended Complaint constitute the plaintiff's characterization of her demand in this action, not allegations of

2282687

fact, to which a response is required. To the extent a response is deemed required, the defendants admit that the plaintiff has initiated an adversary proceeding to obtain approval for the sale of both the plaintiff's estate and the interest of the co-owner in the property.

## JURISDICTION AND VENUE

2. Defendants admit that the plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Court"). As to the remaining allegations contained in Paragraph 2, Defendants lack sufficient knowledge or information upon which to form a belief and leave the plaintiff to her burden of proof.

3. Admitted.

4. Admitted.

5. Admitted.

6. The statements contained in Paragraph 6 consist of legal conclusions and therefore the Defendants leave the plaintiff to her burden of proof.

## PARTIES

7. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

8. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

9. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

2282687

10. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

11. Admitted.

12. Defendant LPV, 15-Hermitage LLC admits that its counsel has agree to accept service of the Amended Complaint and that such counsel and his address are Kevin McEleney, Esq., Updike, Kelly & Spellacy, P.C., 100 Pearl Street, 17th Floor, Hartford, CT 06103. Defendant denies the remainder of the allegations contained in Paragraph 12.

13. Admitted.

14. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

15. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

16. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

17. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7 and leave the plaintiff to her burden of proof.

**COUNT 1:  CLAIM FOR RELIEF UNDER BANKRUPTCY CODE SECTION 363(b)**

18. Admitted.

19. Admitted.

20. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 20 and leave the plaintiff to her burden of proof.

21. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 21 and leave the plaintiff to her burden of proof.

22. Admitted.

23. Defendants admit that LPV, 15-Hermitage LLC has a joint interest in the writ of execution, but deny that it is properly termed solely as RTM's writ of execution.

24. Defendants admit that Matthew Curtis has a joint interest in the writ of execution, but deny that it is properly termed solely as RTM's writ of execution.

25. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 25 and leave the plaintiff to her burden of proof.

26. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 26 and leave the plaintiff to her burden of proof.

27. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 27 and leave the plaintiff to her burden of proof.

28. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 28 and leave the plaintiff to her burden of proof.

29. Admitted.

30. Defendants admit that in the event of such a sale, one-half of the proceeds goes to lienholders holding a security interest on the Co-Owner's interest in the property in order of their priority and that the other half remains in the Debtor's bankruptcy estate for distribution to her creditors. Defendants deny that any proceeds can be paid directly to the Co-Owner without proper regard for secured creditors.

31. Admitted.

32. Admitted.

33. Defendants admit the plaintiff obtained Court authority to retain a broker to sell the Property. As to the remaining allegations contained in Paragraph 33, defendants lack sufficient knowledge or information upon which to form a belief and leave the plaintiff to her burden of proof.

34. Admitted.

35. Admitted.

36. The statements contained in Paragraph 36 consist of legal conclusions and therefore the Defendants leave the plaintiff to her burden of proof.

37. The statements contained in Paragraph 37 consist of legal conclusions and therefore the Defendants leave the plaintiff to her burden of proof.

38. The statements contained in Paragraph 38 consist of legal conclusions and therefore the Defendants leave the plaintiff to her burden of proof.

**COUNT II: CLAIM FOR RELIEF UNDER BANKRUPTCY CODE SECTION 363(f)**

39. Defendants incorporate by reference their responses to Paragraph 1-38 of the Amended Complaint, as if fully set forth herein.

40. The statements contained in Paragraph 38 consist of legal conclusions and therefore the Defendants leave the plaintiff to her burden of proof.

41. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 41 and leave the plaintiff to her burden of proof.

**COUNT III: CLAIM FOR RELIEF UNDER BANKRUPTCY CODE SECTION 363(h)**

42. Defendants incorporate by reference their responses to Paragraph 1-41of the Amended Complaint, as if fully set forth herein.

43. The statements contained in Paragraph 43 consist of legal conclusions and therefore the Defendants leave the plaintiff to her burden of proof.

44. Admitted.

45. Admitted.

46. Admitted.

47. The Defendants admit that assuming a reasonable sale price it is very likely that the benefit to the Debtor's estate of a sale of the Property free of the interest of the Co-Owner outweighs the detriment, if any, to the Co-Owner given that there is no equity for the Co-Owner and sale proceeds will be used to reduce the Co-Owner's debts to his creditors. However, this conclusion is subject to the sale of the Property at a reasonable price, which has not yet been set by the sale process. As a result, until more details of the potential sale are revealed, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 47 and leave the plaintiff to her burden of proof.

48. Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 28 and leave the plaintiff to her burden of proof.

49. The Defendants admit that the Debtor is entitled under Bankruptcy Code section 363(h) to sell both the Debtor's interest and the interest of the Co-Owner in the Property, free and clear of any and all Liens on the Property so long as the Defendants otherwise comply with all aspects of 363, including but not limited to providing secured creditors of the Co-Owner with adequate protection for their liens in compliance with 363(e). The Defendants deny that the Debtor is entitled to sell free and clear of their liens without providing adequate protection, such as a replacement lien on the sale proceeds and an agreeable process for escrowing sale proceeds prior to distribution in accordance with the priority of attaching liens.

**COUNT IV:  CLAIM FOR RELIEF UNDER BANKRUPTCY CODE SECTION 105**

50. Defendants incorporate by reference their responses to Paragraph 1-49 of the Amended Complaint, as if fully set forth herein.

51. Admitted.

52. Defendants admit that the Debtor is entitled to Bankruptcy Code section 105 to sell the property free and clear of any and all Liens on the Property so long as the Defendants otherwise comply with all aspects of 363, including but not limited to providing secured creditors of the Co-Owner with adequate protection for their liens in compliance with 363(e). The Defendants deny that the Debtor is entitled to sell free and clear of their liens without providing adequate protection, such as a replacement lien on the sale proceeds and an agreeable process for escrowing sale proceeds prior to distribution in accordance with the priority of attaching liens.

## SPECIAL DEFENSES

**First Special Defense – Adequate Protection**

1. In the event that the plaintiff successfully meets her burden of proof for Counts I-IV, and is permitted to sell both her interest in the Property and the interest of the Co-Owner in the Property free and clear of liens, claims, charges and encumbrances (the "Liens"), the Court should condition any sale of the provision of adequate protection to lienholders, including but not limited to providing the Defendants with replacement liens on the sale proceeds in their current order of priority and establishing an agreeable process for escrowing sale proceeds prior to distribution.

**Second Special Defense – Reservation of Rights as to Sale Procedures**

1. While the Defendants generally concur that the Court has the power to sell the Property free and clear of liens both against the Debtor and Co-Owner so long as the criteria of the Bankruptcy Code are established, any order approving the actual sale (and not simply the Court's jurisdiction to do so subject to further proceedings) should be conditioned upon reasonable sale procedures and/or a reasonable sale price, which have not yet been determined. The Defendants reserve the right to object to any specific sale procedures or sale price after such information is presented to the Court.

2282687

**DEFENDANTS,**
RTM CAPITAL PARTNERS, INC.;
LPV, 15-HERMITAGE, LLC; and
MATTHEW CURTIS

By: */s/ Kevin J. McEleney*
    Kevin J. McEleney (ct27673)
    Updike, Kelly & Spellacy, P.C.
    100 Pearl Street, PO Box 231277
    Hartford, CT 06123
    Tel.: (860) 548-2600
    Fax: (860) 548-2680
    kmceleney@uks.com
    *Their Attorneys*