**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

---------------------------------------------------------------
In Re:                                                           Chapter 11

DONNA J. BARNES                                       Case No. 19-20400

Debtor
---------------------------------------------------------------
DONNA J. BARNES                                       Adv. Proc. No. 19-02025

    Plaintiff                                                 Re: ECF 25, 26 & 27
v.

JAMES R. BARNES, ET AL.

    Defendants
---------------------------------------------------------------

**SUR-REPLY OF LH VT HOUSE, LLC TO REPLIES OF DEBTOR, RTM CAPITAL
PARTNERS, INC., ET AL. AND SHEM CREEK HAYSTACK, LLC TO MOTION TO
DISMISS AMENDED COMPLAINT BY DEFENDANT LH VT HOUSE, LLC**

The Defendant LH VT House LLC ("LH"), by and through its undersigned counsel, hereby submits this Sur-reply to the Debtor's Reply to (I) Reinhart Foodservice, LLC's Motion to Dismiss Adversary Proceeding for Failure to State and Claim, and (II) Motion to Dismiss Amended Complaint by Defendant LHVT House, LLC and Reservation of Rights ("Debtor's Objection") [ECF 25], and to the Response of Shem Creek Haystack, LLC to Motions to Dismiss ("Haystack Objection") [ECF 26], and the RTM Capital Partners, Inc., LPV, 15-Hermitage, LLC and Matthew Curtis Objection to Motion to Dismiss ("RTM Objection") [ECF 27].

**I. PRELIMINARY STATEMENT**

LH does not dispute that the Debtor has the right to sell a nondebtor co-owners interest if the Debtor can satisfy the conditions set forth in Section 363(h). Most of the cases cited by the objecting parties stand for the proposition that a debtor can sell a codebtor's interest. None of

those cases address the situation where a trustee or debtor sought to sell the nondebtor's interest free and clear of liens where the amount of the liens exceeded the value of the property. If the Debtor's proposed sale is for an amount sufficient to satisfy LH's lien on the nondebtor's interest, then LH would not object to the sale. LH acknowledges that, under applicable state law, LH is required to accept a money satisfaction of its interest.

## II. ARGUMENT

The case of *In re Coletta Brothers of North Quincy, Inc.*, 172 B.B. 159, cited at page 6 of the Debtor's Objection, is irrelevant. In *Coletta* there was no attempt to sell the non-debtor's interest free and clear of liens, and the trustee did not seek any such relief. To the contrary, the proposed sale would have produced a surplus to be paid to the debtor the non-debtor co-owner. In *Coletta*, the chapter 7 trustee sought the following relief under Section 363: "(2) authority pursuant to 11 U.S.C. § 363(h) to sell both the estate's and the Defendant's interests in the property; and (3) authority pursuant to 11 U.S.C. § 363(j) to apply the proceeds of the sale in satisfaction of all real estate taxes and sales expenses and to divide the remainder ("the net proceeds") equally between the estate and the Defendant." 172 B.R. at 161. The Debtor is quoting from *Coletta* to support a proposition that was not in issue in that case.

The Debtor states, without any supporting authority, that the lienholders on the non-debtor's interest have the protection of this Court. (Debtor's Objection at pp. 6-7). To the contrary, as argued in LH's Memorandum of Law, this Court does not have jurisdiction of the liens on the non-debtor's interest. Moreover, the text of Section 363 makes no reference to lienholders on a nondebtor's interest. There is no provision in the Bankruptcy Code for the providing of adequate protection to lienholders on a nondebtor's interest.

The case of *In re Gibbons*, 52 B.R. 861 (Bankr. D.R.I. 1985), cited at pages 7 and 8 of the Debtor's Objection, is irrelevant to the issues raised in the LH's Motion to Dismiss. There was no request to sell a nondebtor's interest free and clear of liens, and the court did not address the issue.

Bankruptcy Code Section 363(j), cited at page 8 of the Debtor's Objection, does not support the Debtor's argument that she can sell the nondebtor's interest free and clear. It compels the opposite conclusion. Section 363(j) specifies the parties who are to receive a distribution of proceeds. Those parties are expressly limited to "the debtor's spouse or the co-owners of such property, as the case may be, and to the estate . . . according the interest of such spouse or co-owners, and of the estate." There is no provision for the payment to lienholders on the nondebtor's interest. Section 363(j) evidences no Congressional intent to authorize this Court to sell the nondebtor's interest free and clear of LH's lien.

*Hull v Bishop*, 554 B.R. 558 (Bankr. D. Me. 2016), cited in the Debtor's Objection at page 6 and 7, and in the RTM Objection at pages 4 and 5, is distinguishable on its facts. In *Bishop*, a trustee sought to sell a nondebtor's interest using a two-step process. First, the trustee sought to invalidate a mortgage covering both the debtor's and the nondebtor's interest on the grounds that such mortgage was void under state law. Second, once the mortgage was deemed invalid, the trustee sought to sell both the debtor's unencumbered interest and the nondebtor's presumably encumbered interest. The *Bishop* court ruled that the mortgage was invalid as to the debtor's portion. There is nothing in the decision which would indicate the amount of the mortgage or the value of the property. While the court did agree with the trustee that the trustee could sell both interests, the court did not hold that the nondebtor's interest could be sold free

and clear of liens where the amount of the liens exceeds the sale price. 554 B.R. at 568. Other factors in *Bishop* which are not present in the present Debtor's case may have influenced the decision: (1) the debtor and nondebtor spouse had pending crossclaims against the mortgage holder; and (2) the court had already found that the subject mortgage was fatally defective.

### III.  CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed as to LH.

LH VT HOUSE, LLC

Dated:  December 5, 2019            By:    /s/ Scott D. Rosen
                                                         Scott D. Rosen
                                                         COHN BIRNBAUM & SHEA P.C.
                                                         100 Pearl Street, 12th Floor
                                                         Hartford, CT 06103
                                                         Tel. 860-493-2200
                                                         Fax. 860-727-0361
                                                         Email: srosen@cbshealaw.com
                                                         Its Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2019, a copy of the foregoing Sur-reply was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/ Scott D. Rosen_____
Scott D. Rosen

197472v1