UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: | CASE NO.    19-20400 (JJT) |
| DONNA J. BARNES,<br>    DEBTOR. | CHAPTER    11 |
| DONNA J. BARNES,<br>    PLAINTIFF | ADV. PRO. NO.    19-02025 (JJT) |
| V. | RE: ECF NOS.    8, 17, 18, 25, 31, 32 |
| JAMES R. BARNES,<br>UBS BANK, USA,<br>SHEM CREEK HAYSTACK, LLC,<br>RTM CAPITAL PARTNERS, INC.,<br>LPV-15, HERMITAGE, LLC,<br>MATTHEW CURTIS,<br>DANIEL SOLAZ,<br>REINHART FOODSERVICE, LLC,<br>MARK BRETT,<br>LH VT HOUSE, LLC,<br>    DEFENDANTS. | |

RULING AND MEMORANDUM OF DECISION DENYING
DEFENDANTS' MOTIONS TO DISMISS

I.    INTRODUCTION

The Debtor, Donna J. Barnes ("Debtor"), initiated this Adversary Proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001(3) in her underlying Chapter 11 case to obtain approval for the sale of both the interest of the Debtor's estate and the interest of the non-debtor, her co-owner spouse ("James R. Barnes") in certain residential real property (the "Property") located in Rhode Island, which they hold as tenants by the entirety. In her Amended Complaint (the "Complaint"), the Debtor

seeks, pursuant to 11 U.S.C. §§ 105, 363(b), 363(f) and 363(h), "that such sale be authorized free and clear of any and all liens, claims and interests asserted against the Property" (ECF No. 8) so that the Debtor's estate may realize the Debtor's pro-rata share in the Property (ECF No. 25).

According to the Debtor, the Property is encumbered by a number of liens; those liens have been described in the Complaint and/or the Debtor's schedules as follows: (1) a mortgage lien on the joint interests of the Debtor and James R. Barnes held by UBS Bank, USA, in the amount of $2,018,585.34 (Claim #3); (2) a mortgage lien on the joint interests of the Debtor and James R. Barnes held by Shem Creek Haystack, LLC, in the amount of $4,300,332.68 (Claim #7); (3) a statutory tax lien on the joint interests of the Debtor and James R. Barnes held by Watch Hill Fire District, in the amount of $6,077.21 (Claim #6); (4) a judgment lien against the interest of James R. Barnes held by RTM Capital Partners, et al, in the amount of $6,285,173.17 (Amended Schedule D, 2.6); (5) a judgment lien against the interest of James R. Barnes held by Reinhart Foodservice, LLC, in the amount of $1,523,229.11 (Claim #12); (5) a judgment lien against the interest of James R. Barnes held by LH VT House, LLC, in the amount of $1,182,639.80 (ECF No. 8); (6) a judgment lien against the interest of James R. Barnes held by Mark Brett, in the amount of $350,000.00 (Amended Schedule D, 2.3); and (7) a judgment lien against the interest of James R. Barnes held by Dan Solaz, in the amount of $320,917.16 (Amended Schedule D, 2.1).

Defendants Reinhart Foodservice, LLC ("Reinhart") and LH VT House, LLC ("LH"), both holding judgment liens encumbering only James R. Barnes's interest in the Property, each filed a Motion to Dismiss in response to the Debtor's Amended

Complaint for failure to state a claim upon which relief can be granted (ECF Nos. 17 and 18, respectively). Therein, they assail the Debtor's attempt to sell the Property free and clear of their respective liens and argue, *inter alia*, that this Court lacks the authority to do so under either 11 U.S.C. §§ 363(f)[1] and/or 363(h)[2]. LH takes issue with Debtor's reading of § 363(f), which would arguably permit the Debtor to sell the Property free and clear of any non-debtor interests as well as related liens. Specifically, LH contends that subsection (f) is expressly limited to sales of *property of the estate*, and because the Debtor's non-debtor spouse has not filed for bankruptcy, either individually or jointly with the Debtor, the non-debtor's interest is not considered property of the estate for purposes of § 363(f), and thus, § 363(f) does not apply and cannot be used to sell the Property free and clear of LH's interest (ECF No. 19). Additionally, Reinhart argues that the Debtor cannot proceed with a sale of the Property free and clear of Reinhart's lien under § 363(f) because: (1) there is no sale to evaluate; and (2) even if a sale of the entire property could be authorized under § 363(f), the only subparagraph the Debtor could potentially satisfy requires Reinhart's consent, which it does not provide at present (ECF No. 17).

---

[1] 11 U.S.C. § 363(f) allows a trustee to sell a property "free and clear of any interest in such property of an entity other than the estate," only if one of the following five subparagraphs of that section apply: (1) applicable non-bankruptcy law permits the sale free and clear; (2) the entity with the interest consents; (3) the interest is a lien and the sale price is greater than the aggregate value of all liens on the property; (4) the interest is in bona fide dispute; or, (5) the entity could be compelled to accept money satisfaction of the interest in a legal or equitable proceeding.

[2] 11 U.S.C. § 363(h) provides: "Notwithstanding section (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if–(1) partition in kind of such property among the estate and such co-owners is impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."

Furthermore, Reinhart and LH both argue that Debtor's reliance on § 363(h) and/or § 105 as a way to resolve any incongruency with subsection (f) is misplaced. Specifically, they argue that the Debtor's interpretation of subsection (h)'s opening clause, "[n]otwithstanding subsection (f) of this section . . ." as meaning that § 363(h) operates *despite* the limitations specified in subsection (f) (ECF No. 25) is flawed, and instead should be read to mean "in addition to" subsection (f), thus requiring the Debtor to satisfy subsection (f) as a necessary predicate to authorizing a sale under subsection (h). Reinhart and LH further argue that, although § 363(h) permits the sale of a non-debtor's interest in property, it does not support the Debtor's contention that it allows the sale of that interest free and clear of valid non-debtor liens that encumber it.

A hearing and extensive argument on the Defendants' Motions was held on December 12, 2019, at which time the Court took the matter under advisement. For the reasons discussed below, the Motions to Dismiss are DENIED.[3]

II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1), and the General Order of Reference of the United States District Court for the District of Connecticut, dated September 21,

---

[3] In connection with a hearing on December 18, 2019 on bidding procedures related to the auction of the Property (ECF No. 176), this Court summarized its imminent ruling herein.

4

1984. This Adversary Proceeding constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss is decided by construing the complaint liberally and drawing all reasonable inferences in the plaintiff's favor. *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 76 (2d Cir. 2015) (citing *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014)). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In analyzing the pleading requirements of Rule 8(a)(2), the Supreme Court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Supreme Court has instructed courts to employ a two-step analysis. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679). First, except for legal conclusions, all allegations contained in the complaint are accepted as true. *Iqbal*, 556 U.S. at 678. Second, the complaint must state a plausible claim for relief to survive dismissal. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Id*. Here, the Court concludes that the allegations in the Complaint supporting the § 363 sale are legally and factually plausible.

IV. DISCUSSION

  a. Tenancy by the Entirety

Under certain circumstances, 11 U.S.C. § 363 permits the Court to authorize the sale of a debtor's interest in jointly owned property free and clear. These Motions to Dismiss challenge § 363(f)'s applicability to this *tenancy by the entirety* and this Court's authority to effectuate such a sale with regard to a non-debtor spouse and his lien creditors. In examining this issue, the Court looks to both Rhode Island state law and the express terms of 11 U.S.C. §§ 363(f) and 363(h).

Notwithstanding Rhode Island's statutory scheme governing the distribution of joint property upon dissolution of a marital estate, *see* R.I. Gen. Laws § 15-5-16.1, tenancy by the entireties law in Rhode Island has otherwise ostensibly developed under the common law. *See Van Ausdall v. Van Ausdall*, 48 R.I. 106, 108 (1927). "At common law, tenancies by the entirety are created when there exist the four unities integral to the existence of the joint tenancy, namely the unities of time, interest, title and possession . . . plus the fifth unity, two natural persons as one person in law. . . . Estates held by the entirety are thus uniquely premised upon the common-law doctrine that husband and wife are one, so that they take the whole estate as a single person. . . . Each party thus holds all, but neither holds a separate share [of the property so titled]. The result is that neither the husband nor the wife can dispose of his or her part without the consent of the other." *Cull v. Vadnais*, 122 R.I. 249, 255 (1979) (citations omitted).

6

Relevant to the issue now before the Court, "[i]n determining the valuation of interests in tenancy by the entirety, First Circuit courts agree that because the tenancy is a unitary title, each spouse is guaranteed an equal right to the full interest in the property, and thus each interest must be valued at 100%." *In re Ryan*, 282 B.R. 742, 750 (D.R.I. 2002); *see also In re Snyder*, 249 B.R. 40, 46 (B.A.P. 1st Cir. 2000). Accordingly, "[o]nce a couple elects a tenancy by the entirety, each spouse takes a 100% interest in the estate, and neither party's interest may be alienated from the other for as long as the estate endures. This aspect of tenancy by the entirety enables the couple to be immunized from the 'grasp (but not reach) of a creditor until such time as the debtor outlives his non-debtor spouse.'" *In re Ryan., supra*, 282 B.R. 752; *see also In re Furkes*, 65 B.R. 232, 235 (D.R.I.1986).

"In bankruptcy, the protection afforded to the [property] during the tenancy prevents the debtor's interests from being alienated from the estate without the non-debtor spouse's consent. Consequently, the [property] is not subject to levy and sale on a judgment entered against the debtor spouse alone." *In re Ryan., supra*, 282 B.R. 748; *see also Bloomfield v. Brown*, 67 R.I. 452 (1942). Where the "interests of both the debtor and non-debtor spouses are conjoined under the tenancy by the entirety, Rhode Island law forbids the levy and sale of a tenancy by the entirety, but allows for attachment of the debtor spouse's interest in the entireties property. . . . [I]f the husband and wife [do] not convey their property before one spouse dies, and if the debtor spouse survives the death of the other spouse, the creditor may enforce the prior attachment. . . ." *In re Ryan, supra*, 282 B.R. 748 (citation omitted); *see also In re Gibbons*, 17 B.R. 373, 374 (Bankr. D.R.I. 1982). Thus, in contrast to a tenancy in common, where creditors of one

7

tenant may immediately reach that tenant's interest and force partition, "under Rhode Island law, an entireties property is shielded from the reach of creditors until the tenancy is dissolved or the debtor spouse survives the non-debtor spouse." *In re Ryan, supra*, 282 B.R. 748.

Here, because the Debtor and her non-debtor spouse hold their interest in the Property by the entireties and each possesses an undivided 100% interest therein, their tenancy by the entireties alters what might be an otherwise straightforward application of 11 U.S.C. § 363 and places it in somewhat uncharted waters. However, despite the fact that tenancies by the entirety are a vexing and anachronistic legal fiction of real property law that now only exists in a limited number of jurisdictions, the bankruptcy courts that have considered this issue have regularly held that the court has the authority to authorize a sale of property held by the entireties.[4]

b. Sections 363(f) and 363(h) and Adequate Protection

LH and Reinhart both argue that the Plaintiff has failed to allege sufficient facts in order to satisfy § 363(f) in the present case. LH further argues that satisfaction of subsection (f) is necessary to authorize a sale pursuant subsection (h), and because the Plaintiff cannot satisfy subsection (f), the Complaint fails to state a claim upon which relief can be granted. In the alternative, both LH and Reinhart argue that even if subsection (f) is satisfied, or that subsection (h) can be read independently of subsection (f), subsection (h) still doesn't permit the Court to sell the non-debtor's interest free and clear of the encumbrances on the non-debtor's interest. With respect to the Defendants'

---

[4] *See In re Green*, No. 13-10204-MSH, 2018 WL 4944988, at *1 (Bankr. D. Mass. Oct. 11, 2018), *In re Strandberg*, 253 B.R. 584 (Bankr. D.R.I. 2000), *Coan v. Bernier* (In re Bernier), 32 C.B.C.2d 1747, 176 B.R. 976 (Bankr. D. Conn. 1995), *In re Dionne*, 40 B.R. 137 (Bankr. D.R.I. 1984); *see also* 3 Collier on Bankruptcy ¶ 363.08, n. 13–14 (16th 2019).

8

first claim, the Court disagrees that the Plaintiff has failed to state sufficient facts that, if true, could satisfy at least one of the criteria listed in subsection (f).

Title 11 U.S.C. § 363(f) allows a trustee to sell a property "free and clear of any interest in such property of an entity other than the estate," only if one of the following five subparagraphs of that section apply: (1) applicable non-bankruptcy law permits the sale free and clear; (2) the entity with the interest consents; (3) the interest is a lien and the sale price is greater than the aggregate value of all liens on the property; (4) the interest is in bona fide dispute; or, (5) the entity could be compelled to accept money satisfaction of the interest in a legal or equitable proceeding. The parties to this matter have effectively conceded in arguments before the Court that the nature, validity, extent, priority, and enforceability of the liens against the non-debtor interests on the Property are subject to a bona fine dispute as a matter of law. Whether consent will be secured or the proceeds of a sale will be sufficient to satisfy the aggregate value of the liens remains to be seen following the conclusion of a scheduled auction sale. Further, the satisfaction of § 363(f)(5) may well be achieved in a Rhode Island foreclosure or in a Chapter 11 plan cramdown. Those issues will be further examined by this Court, upon briefing, at the trial on this Complaint.

Title 11 U.S.C. § 363(h) further provides: "*Notwithstanding* section (f) of this section [(emphasis added)], the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—(1) partition in kind of such property among the estate and such co-owners is

9

impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." These alternative conditions are likewise sufficiently pled, plausible and will be tested at trial.

A sale of the Debtor's interest in property of the estate pursuant to § 363(b) may be made "free and clear of any interest in such property" if the aforesaid conditions are met. *See* 11 U.S.C. §363(f). "Yet the Code does not define the concept of 'interest,' of which the property may be sold free and clear,' 3 Collier on Bankruptcy ¶ 363.06[1] [(16th ed. 2019)], nor does it express the extent to which 'claims' fall within the ambit of 'interests.'" *In Matter of Motors Liquidation Co.*, 829 F.3d 135, 154 (2d Cir. 2016). "Rather than formulating a single precise definition for 'any interest in such property,' courts have continued to address the phrase 'on a case-by-case basis.'" *Id.*, (citing to *In re PBBPC, Inc.*, 484 B.R. 860, 867 (B.A.P. 1st Cir. 2013)). Notably, recognizing that a sale pursuant 11 U.S.C. § 363(f) is fundamentally an in rem proceeding,[5] it provides the Court with the authority, at minimum, to sell the Property of the estate free and clear of in rem "interests" in the Property, such as liens that attach to that property. *See In Matter of Motors Liquidation Co.*, *supra*, 829 F.3d 154 (citing to *In re Trans World Airlines, Inc.*, 322 F.3d 283, 288 (3d Cir. 2003)). Importantly, here, the Debtor's interest in the subject property of the estate is 100%. Accordingly, the Debtor may seek in this

---

[5] *See Matter of Met-L-Wood Corp.*, 861 F.2d 1012, 1017 (7th Cir. 1988); *see also In re HHG Corp.*, No. 01-B-11982 (ASH), 2006 WL 1288591, at *2 (Bankr. S.D.N.Y. May 2, 2006).

10

in rem proceeding to sell free and clear of the interests of her co-owner as well the related liens against the interests of the non-debtor co-owner. Accordingly, the Court finds that the Plaintiff has alleged facts that, if taken as true, are sufficient to meet the requirements set forth in Sections 363(f) and 363(h).

The Defendants further argue that even if § 363(f) is satisfied, § 363(h) does not permit the Court to sell the non-debtor's interest free and clear. They do not contest that § 363(h) authorizes a sale of a property held by the entireties, only that it does not reference free and clear authority or provide for adequate protection of their liens. They submit that the Court cannot order a sale pursuant to § 363(h) because a sale under § 363(h) would otherwise fail to provide them with adequate protection. With respect to the claimed absence of a reference to "free and clear" in § 363(h), the Defendants simply argue that it must be read in tandem with § 363(f). However, subsection (h)'s "notwithstanding" clause simply and expressly authorizes that the non-debtor interest may also be sold with the estate's interest. With respect to the satisfaction of the conditions to such a sale, the Plaintiff has also alleged sufficient facts that, if taken as true, demonstrate that partition in kind is impracticable, sale of only the estate's undivided interest would realize significantly less than both interests free and clear, the benefit to the estate outweighs any determent to the co-owners, and that such property is not used in the production, transmission, or distribution of electric energy or of natural or synthetic gas for heat, light, or power. These conditions can and will be tested by the subordinate facts adduced at trial.

As for the Defendants' argument that they would lack adequate protection if the Property was to be sold free and clear pursuant to § 363(h), while it is possible that a

sale pursuant to §§ 363(f) and (h) would extinguish their liens, the Defendants fail to acknowledge that §§ 361 and 363(e)[6] expressly provide adequate protection for such an occasion. For example, § 361 provides in relevant part that: "[w]hen adequate protection is required under section [363] of this title . . . such adequate protection may be provided by . . . (2) providing to *such entity* an additional or replacement lien to the extent that such [sale] results in a decrease in the value of such entity's interest in such property; or (3) granting such other relief . . . as will result in the realization by *such entity* of the indubitable equivalent of such entity's interest in such property." (Emphasis added). Further, § 105(a) may be relied upon to "carry out the provisions of this title" and protect the affected property rights. Given the applicability of Sections 105, 361 and 363(e) to the present circumstances, the Defendants' contentions are simply mistaken. The Court is both authorized to sell property of the Debtor in a tenancy by the entireties and to order that all liens attach to the proceeds pending further judicial determinations of the nature, validity, extent, priority and enforceability of those liens.

V. CONCLUSION

Because of the in rem nature of these proceedings, the fact that the Defendants will have adequate protection under §§ 105(a), 361 and 363(e) and that the Complaint alleges sufficient facts that, if taken as true, will satisfy the criteria set forth in §§ 363 (f) and 363(h), this Court respectfully disagrees with the Defendants' Motions to Dismiss contending that the Plaintiff failed to state a claim upon which relief can be

---

[6] Section 363(e) provides in relevant part: "Notwithstanding any other provision of this section, at any time, on request of *an entity* that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. . . ." (Emphasis added).

12

granted. As for the Court's difficult determination as to the nature, validity, extent, priority, and enforceability of the liens that will attach to the non-debtor's interest, that issue is not yet ripe. *See generally* 3 Collier on Bankruptcy ¶ 363.08 (16th 2019) (discussing the conflicting state of the law on these issues).

For the aforementioned reasons, the Motions to Dismiss are DENIED.

The Adversary Proceeding shall advance to trial with all deliberate speed pursuant to a Pretrial Order to be issued by the Court that will coordinate this Proceeding with the proposed auction sale of the Property, and this Court's review of and hearing on a motion to approve the highest and best bids for the Property.

**IT IS SO ORDERED** at Hartford, Connecticut this 19th day of December 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut